UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**DANIEL CASALI,**

    **Plaintiff,**        CASE NO.: 3:23-CV-1034-TJC-PDB

vs.

**S&S CUSTOM EXHAUST AND
AUTOMOTIVE REPAIR, LLC,**
**A Florida Profit Company,**

    **Defendant.**
_____/

**JOINT MOTION FOR APPROVAL OF SETTLEMENT
AND DISMISSAL WITH PREJUDICE
AND INCORPORATED MEMORANDUM OF LAW**

The Parties, through their undersigned counsel, jointly move for Court approval of the mutually agreed-upon terms of settlement in this action and for dismissal with prejudice of the instant action. In further support hereof, the Parties state as follows:

1. Plaintiff, DANIEL CASALI, a former employee for Defendant S&S CUSTOM EXHAUST AND AUTOMOTIVE REPAIR, LLC, filed the instant lawsuit in the Middle District of Florida, Jacksonville Division on August 31, 2023.

2. Plaintiff contends in his Complaint and Demand for Jury Trial that he worked in excess of forty (40) hours in one or more workweeks without

1

receiving overtime compensation in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"). Defendant contends that Plaintiff did not work in excess of forty (40) hours in one or more workweeks, and that Plaintiff was therefore not owed overtime wages. Defendant contends Plaintiff was properly paid. There is a dispute over the number of hours worked in the weeks at issue.

3. To avoid the risks and unknowns, as well as the costs of protracted litigation and discovery, the Parties desire to fully and finally resolve this action with prejudice as to Plaintiff's FLSA claims. After a full review of the facts and information, the Parties, who have been represented by counsel at all times, agree that the negotiated terms of the settlement represent a fair, reasonable, and just compromise of disputed issues.

4. The parties state that they have not entered into any agreements whatsoever that have not been disclosed to the Court.

## **MEMORANDUM OF LAW**

There are two ways in which claims for overtime compensation under the FLSA may be compromised or released by an employee. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). The first permits resolution of claims under the supervision of the United States Department of Labor. *Id*. The second permits judicial approval of disputed claims on terms that are fair and reasonable:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354. When asked to review and approve the terms of settlement under the FLSA, there is a "strong presumption" in favor of approval. *Dail v. George A. Arab, Inc.*, 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005).

## I.      The Settlement.

The Settlement Agreement is attached hereto as Exhibit 1. Under the terms of the Settlement Agreement, Defendant shall pay Plaintiff $2,267.00 in alleged liquidated damages.

The settlement does not require Plaintiff to waive or release any claims other than his FLSA claims. Nor does it require Plaintiff to agree to any terms, such as confidentiality, non-participation in other claims, or a prospective waiver of any rights, that this Court has previously ruled to be impermissible in the context of an FLSA settlement. *See Moreno v. Regions Bank*, 729 F.

3

Supp. 2d 1346 (M.D. Fla. 2010); *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227 (M.D. Fla. 2010).

The settlement also provides that Defendant will pay Plaintiff's counsel the sum total of $2,267.00 in fees and costs. Plaintiff's fees and costs were negotiated separately from the amount payable to Plaintiff under this settlement, and the Parties stipulate this sum is "reasonable" in light of the stage of the proceedings and the work performed to date by Plaintiff's counsel.

### II.     "Bona Fide" Disputes Exist.

*Lynn's Food Stores* permits approval of a compromise resolving a "bona fide dispute over FLSA provisions." *Dees*, 706 F. Supp. at 1241. Parties requesting review of an FLSA settlement must provide enough information to the Court to examine the bona fides of the dispute. *Id.*

The Parties dispute whether Plaintiff was paid properly pursuant to the FLSA's overtime requirements and the time calculations is in dispute between the parties.

### III.    All Factors Relevant to the "Fairness" of the Settlement Weigh in Favor of Approval.

Although *Lynn's Food Stores* determined that the settlements at issue in that case were unfair, it did not specify criteria for evaluating the fairness of proposed compromises under different circumstances. *See Dees*, 706 F. Supp.

4

2d at 1240. This Court has noted that the factors for evaluating the fairness of a class action settlement provide a familiar starting point, including:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel.

*Id.* at 1241 (citations omitted). Here, all factors weigh in favor of approval of the settlement.

    a. *There is no fraud or collusion behind the settlement.*

Courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to plaintiffs seemed fair. *See Bonilla v. Shiner's Car Wash*, 2014 U.S. Dist. LEXIS 66297, at * 5 (M.D. Fla. 2014). Here, each party was independently represented by counsel with substantial experience litigating FLSA claims. There was no fraud or collusion behind the settlement.

    b. *The complexity, expense, and length of future litigation militate in favor of the settlement.*

Litigating, rather than settling this matter, would require both sides to incur significant additional costs and fees. Both sides would bear some risk if the case proceeds to trial. Plaintiff would risk recovering nothing, and

Defendant would risk the possibility of an adverse judgment and fee award. It is in the best interests of all Parties to settle, rather than litigate, this matter.

    c. *<u>The stage of the litigation weighs in favor of approval of the settlement.</u>*

This case is in the early stages. If the Parties are required to litigate, each side will incur fees and costs that will quickly exceed the amount of overtime compensation at issue. Thus, the stage of the litigation weighs in favor of approval of the settlement.

    d. *<u>Plaintiff's probability of success on the merits is uncertain.</u>*

Plaintiff's probability of success on the merits is not a certainty. Defendant denies Plaintiff's allegations and contends Plaintiff was paid properly. While Plaintiff might ultimately prevail if the case proceeds to trial, it is likewise possible Defendant will establish he paid properly pursuant to the FLSA's overtime requirements and Plaintiff will recover nothing.

    e. *<u>The Parties weighed the opinions of counsel in deciding whether to settle.</u>*

The Parties agree they weighed the opinions of their respective counsel in deciding whether to settle.

**IV. <u>The Attorneys' Fees to be Paid as Part of the Settlement are Fair and Reasonable.</u>**

This Court noted in *Dees* that a compromise must award the plaintiff's counsel a reasonable fee. *See Dees*, 706 F. Supp. 2d at 1243. The Court need

not, however, scrutinize the amount of a plaintiff's attorneys' fee when it was agreed upon separately and without regard to the amount paid to the plaintiff, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009); *see also Dees*, 706 F. Supp. 2d at 1243 (quoting *Bonetti*). Such is the case here. The fee to be paid under this settlement to Plaintiffs' counsel, $4,500.00 was negotiated separately from the amount to be paid to Plaintiff. The Parties stipulate this sum is "reasonable" in light of the stage of the proceedings and the work performed to date by Plaintiff's counsel.

## CONCLUSION

The Court should approve the settlement of this action. The settlement sum fairly balances the amounts Plaintiff would seek at trial against the risk that Plaintiff might recover nothing if the case were to proceed. Additionally, Plaintiff's counsel will receive a reasonable fee in connection with the settlement. All factors germane to the Court's consideration of the fairness of the settlement weigh in favor of approval.

*WHEREFORE*, the Parties respectfully request that this Honorable Court (i) GRANT this Motion; (ii) APPROVE the settlement of this matter; and (iii) ENTER an Order dismissing this case with prejudice.

Respectfully submitted this 28th day of June, 2024.

| | |
|---|---|
| s/ Edward W. Wimp | s/ Antoinette Burgess |
| Edward W. Wimp, Esquire | Antoinette Burgess, Esquire |
| FBN: 1015586 | Florida Bar No.: 059241 |
| Anthony Hall, Esquire | 13475 Atlantic Blvd., Unit 8 |
| FBN: 0040924 | Suite M955 |
| THE LEACH FIRM, P.A. | Jacksonville, FL 32225 |
| 1560 N. Orange Ave., Suite 600 | |
| Winter Park, FL 32789 | Telephone: (904) 877-2191 |
| Telephone: (407) 574-4999 | Email: |
| Facsimile: (833) 813-7513 | annue@burgesslawjax.com |
| Email: ewimp@theleachfirm.com | Attorney for Defendant |
| Email: ahall@theleachfirm.com | |
| Attorneys for Plaintiff | |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this __28th__ day of June, 2024, the foregoing document was electronically filed with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing opposing counsel via email.

s/ Edward W. Wimp
Edward W. Wimp, Esquire